————o————

## No. 7101.

## XETER REALTY CO., LTD., v. NYLKA LAND CO, LTD.

### Syllabus.

A sale of nine and one-half squares of ground, designated by certain numbers and assessed as the property of

"A", does not include parts of the two other squares, differently numbered, belonging to, assessed to, and already sold as the property of "B", even though included in the outer boundaries given in the deed.

Appeal from the Civil District Court, Parish of Orleans, No. 112,746, Division "C"; Honorable E. K. Skinner, Judge. Affirmed.

W. W. Wall, for plaintiff and appellee.

L. A. Ducros & J. Zach. Spearing, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

458

On September 17th, 1858, Miss A. Levasseur purchased thirteen lots of ground in the square bounded by Sere, Beauregard, Marigny and Mandeville Streets, and twelve lots in the square bounded by Sere, Beauregard, Marigny and Elysian Fields.

In the year 1882 this property was duly assessed to her, the two squares being correctly described by their boundaries, and designated, respectively, as Squares Nos. 2465 and 2466.

There was also assessed to John Muller for the same year (1882) nine and one-half squares of ground bounded by Elysian Fields, Mandeville, Sere, and Gentilly Road, and designated by the Numbers 2467, 2520 2521, 2657, 2656, 2705, 2706, 2844, 2845 and 2893.

On March, 1885, the property assessed to Miss M. A. Levasseur, was sold to the State for the unpaid taxes of 1882; and on the following day the lands assessed to John Muller were also sold to the State for the unpaid taxes of the same year.

On August 24th, 1905, the State Auditor sold to plaintiff the property which the State had acquired under the assessment to Miss M. A. Levasseur; and on November 10th, of the same year the Auditor sold to defendant's author (B. Harvey Carter) the lands which the State had acquired under the assessment to John Muller.

As defendant's author registered his title a few days before plaintiff registered its own, it follows (if the registry laws have any application to grants from a sovereign) that the only question herein involved is whether the assessment to John Muller included the same land which was also assessed to Levasseur.

We do not think it does.

Beauregard Street being one square nearer Gentilly Road than Sere Street, the lands assessed to Muller appear to include those assessed to Levasseur, if we consider nothing but the outer boundaries and disregard all else.

But the area between Sere Street and Gentilly Road contains eleven and one-half squares, of which two squares Nos. 2465 and 2466, are assessed to Levasseur and are not included in the numbered squares assessed to Muller, to whom there are still left, however, the full nine and a half squares called for by the assessment.

And it is inconceivable, that the assessors meant to assess a second time, that the tax collector meant to sell a second time, and that the auditor meant to grant a second time, and as the property of John Muller, lands which did not belong to John Muller, but which did belong to Miss Levasseur and had once already been assessed to her, been sold as her property and been granted by the State as the property acquired from her.

We are of opinion that the lots claimed by plaintiff are not included in the deed to defendant, and that the judgment appealed from is correct and should be affirmed.

Judgment affirmed.

Opinion and decree, June 30th, 1917.

Rehearing refused, July 17th, 1917.

Writ denied, November 2nd, 1917.